O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KELLIE M. O'HANLON,            )  Case No. CV 15-06640 DDP (PJWx)
                               )
                Plaintiff,     )  **ORDER DENYING IN PART AND**
                               )  **GRANTING IN PART PLAINTIFF'S**
       v.                      )  **MOTION TO STRIKE AFFIRMATIVE**
                               )  **DEFENSES**
J.P. MORGAN CHASE BANK,        )
N.A.,                          )  [Dkt. No. 34]
                               )
                Defendant.     )
_____)

        Presently before the Court is pro se Plaintiff Kellie M.

O'Hanlon's Motion to Strike Affirmative Defenses 1-3 and 5-10.

(Dkt. No. 34.)  Defendant opposed the Motion.  (Dkt. No. 39.)

After considering the parties' submissions, the Court adopts the

following Order.

**I.    BACKGROUND**

        This dispute arises out of Plaintiff's former employment with

Defendant J.P. Morgan Chase Bank, N.A., and Plaintiff's employee

credit card.  (See Notice of Removal, Dkt. No. 1, Ex. A.)  This

Court previously held that Plaintiff was not required to arbitrate

this dispute.  (See Order Denying Defendant's Motion to Compel

Arbitration, Dkt. No. 18.)  Thereafter, pursuant to the stipulation

1  of the parties, the Court granted Plaintiff leave to file an

2  amended complaint.  (Dkt. No. 25.)  Plaintiff filed her First

3  Amended Complaint ("FAC") on November 19, 2015.  (Dkt. No. 26.)

4  Defendant filed its Answer on December 3, 2015.  (Dkt. No. 27.)

5  Then, on December 24, 2015, Defendant filed an Amended Answer.

6  (Dkt. No. 31.)  Plaintiff then filed the instant Motion to Strike

7  on January 11, 2016.  (Dkt. No. 34.)

8      Plaintiff's main contention is that Defendant wrongfully

9  terminated her for disputing the balance on her employee credit

10  card.  (FAC ¶¶ 1-3.)  She alleges a wrongful termination cause of

11  action based on her raising a Fair Credit Billing Act complaint and

12  then being terminated for "acting improperly with respect to filing

13  a false credit bureau credit card dispute."  (Id. ¶¶ 13-17.)  She

14  claims that Defendant terminated her in retaliation for her

15  complaint and that the termination prevented her from accepting

16  another internal position with Defendant.  (Id. ¶¶ 18-23.)

17      Further, Plaintiff's FAC alleges violations of the Fair Credit

18  Billing Act, 15 U.S.C. § 1601 et seq., the Fair Debt Collection

19  Practices Act, 15 U.S.C. § 1692g et seq., and the Fair Credit

20  Reporting Act, 15 U.S.C. § 1681, based on Defendant's failure to

21  allow Plaintiff to dispute her alleged credit card billing error.

22  (FAC ¶¶ 24-26.)  Plaintiff claims Defendant also violated

23  California Labor Code section 2930[1] based on Defendant's alleged

24  failure to provide Plaintiff with a copy of an investigation report

25  that occurred prior to Plaintiff's termination.  (Id. ¶ 28.)

26

27      [1]    The parties stipulated to dismiss with prejudice
    Plaintiff's claims under California Labor Code sections 201 and
28  208.  (See Order, Dkt. No. 38.)

2

1   Plaintiff also alleges a cause of action for violation of the

2   Credit Card Accountability, Responsibility, and Disclosure Act of

3   2009, caused by Defendant raising her credit card interest rate

4   from 10.24% to 29.99% in one billing cycle without sufficient

5   notice and warning — and applying that higher rate to backdated

6   purchases.  (Id. ¶¶ 29-32.)  Lastly, Plaintiff has a cause of

7   action for negligent infliction of emotional distress caused by the

8   termination of her employment.  (Id. ¶¶ 33-37.)

9       Defendant has filed two Answers to the Complaint.  (Dkt. Nos.

10  27, 31.)  Under Federal Rule of Civil Procedure 15(a)(1)(A), a

11  party may amend its pleading once as a matter of course within

12  twenty-one days of service.  Here, Defendant's Amended Answer was

13  filed twenty-one days after filing the first Answer.  According to

14  Defendant, it filed the Amended Answer following a meet and confer

15  with Plaintiff about her proposed Motion to Strike, and the

16  amendment "reduced the number of its affirmative defenses to eleven

17  and re-pled the remaining defenses with more specificity."  (Opp'n

18  at 4.)

19      Defendant's Amended Answer raises eleven affirmative defenses:

20  (1) statutes of limitations; (2) laches; (3) estoppel; (4) waiver;

21  (5) unclean hands; (6) independent or superseding causes; (7)

22  failure to mitigate; (8) Plaintiff caused damage; (9) pre-existing

23  condition; (10) offset; and (11) any additional affirmative

24  defenses raised during discovery.  (Am. Answer at 15-20.)

25      Plaintiff has now filed a Motion to Strike Defendant's first

26  through third and fifth through tenth affirmative defenses.

27  ///

28  ///

3

1  **II.   LEGAL STANDARD**

2         Rule 12(f) of the Federal Rules of Civil Procedure states that

3  the "court may strike from a pleading . . . any redundant,

4  immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P.

5  12(f).  Immaterial matter is that which has no bearing on the

6  claims for relief or the defenses being pled.  <u>Whittlestone, Inc.</u>

7  <u>v. Handi-Craft Co.</u>, 618 F.3d 970, 974 (9th Cir. 2010).  Impertinent

8  matter consists of statements that do not pertain, and are not

9  necessary, to the issues in question.  <u>Id.</u>

10        "To strike an affirmative defense, the moving party must

11  convince the court that there are no questions of fact, that any

12  questions of law are clear and not in dispute, and that under no

13  set of circumstances could the defense succeed."  <u>S.E.C. v. Sands</u>,

14  902 F. Supp. 1149, 1165 (C.D. Cal. 1995) (internal quotation

15  omitted).  Generally, motions to strike are "disfavored" and

16  "courts are reluctant to determine disputed or substantial

17  questions of law on a motion to strike."  <u>Id.</u> at 1165-66; <u>see also</u>

18  <u>Miller v. Fuhu, Inc.</u>, No. 2:14-cv-06119-CAS(ASx), 2014 WL 4748299,

19  at *1, (C.D. Cal. Sept. 22, 2014).

20        Under Rule 12(f), the court has the discretion to strike a

21  pleading or portions thereof.  <u>MGA Entm't, Inc. v. Mattel, Inc.</u>,

22  2005 WL 5894689, at *4 (C.D. Cal. 2005).  "A motion to strike under

23  Rule 12(f) should be denied unless it can be shown that no evidence

24  in support of the allegation would be admissible, or those issues

25  could have no possible bearing on the issues in the litigation."

26  <u>Gay-Straight Alliance Network v. Visalia Unified Sch. Dist.</u>, 262 F.

27  Supp. 2d 1088, 1099 (E.D. Cal. 2001).  In considering a motion to

28  strike, the court views the pleadings in the light most favorable

1  to the non-moving party.  See In re 2TheMart.com Secs. Litig., 114

2  F. Supp. 2d 955, 965 (C.D. Cal. 2000)).

3  **III. ANALYSIS**

4      **A.    Standard for Pleading Affirmative Defenses**

5      Federal Rule of Civil Procedure 8(c)(1) provides a list of

6  some potential affirmative defenses and states that "[i]n

7  responding to a pleading, a party must affirmatively state any

8  avoidance or affirmative defense."  Fed. R. Civ. Pro. 8(c)(1).

9  There is some uncertainty as to whether the pleading standard

10  announced in Twombly and Iqbal apply to pleading defenses.  See

11  Gibson Brands, Inc. v. John Hornby Skewes & Co. Ltd., No. CV 14-

12  00609 DDP (SSx), 2014 WL 5419512, at *2, (C.D. Cal. Oct. 23, 2014)

13  ("As a preliminary matter, it is not yet clear in the Ninth Circuit

14  whether the pleading requirements of Ashcroft v. Iqbal and Bell

15  Atlantic Corp. v. Twombly apply to affirmative defenses as well as

16  claims and counterclaims." (internal citations omitted)); see also

17  Perez v. Gordon & Wong Law Grp., P.C., No. 11-CV-03323-LHK, 2012 WL

18  1029425, at *6-8 (N.D. Cal. Mar. 26, 2012)(discussing the different

19  pleading standards and holding that the same policies for changing

20  the pleading standard for complaints in Twombly and Iqbal apply to

21  pleading affirmative defenses, thus holding the affirmative

22  defenses to that standard).

23      This Court in Gibson did not specify whether Twombly and Iqbal

24  standards do apply, but noted that "[t]he Court simply seeks to

25  avoid the use of 'boilerplate' defenses: a 'series of conclusory

26  statements asserting the existence of an affirmative defense

27  without stating a reason why that affirmative defense might

28  exist.'"  Gibson Brands, No. CV 14-00609 DDP (SSx), 2014 WL

1  5419512, at *2 (quoting Barnes v. AT&T Pension Ben. Plan —

2  Nonbargained Program, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010)).

3  The Court adheres to the same approach here, and notes that the

4  result is the same for these affirmative defenses under either

5  notice pleading standards or fact pleading standards.

6         **B.    Defendant's Affirmative Defenses**

7         Here, Plaintiff seeks to dismiss nine of Defendant's eleven

8  affirmative defenses for lack of sufficient factual basis and/or

9  for failing to state a colorable affirmative defense.

10              **1.    Statute of Limitations**

11        This is a specifically enumerated affirmative defense under

12 FRCP 8(c)(1).  Plaintiff claims that Defendant does not plead the

13 statutory code section providing the statute of limitations in each

14 of the causes of action against which Defendant raises this

15 defense; this failure prevents Plaintiff from understanding the

16 basis of Defendant's theory of untimeliness.  (Mot. Strike at 5-9.)

17 Plaintiff alleges her own sources and computations of the statute

18 of limitations in her Motion.  (Id.)  Defendant responds that it

19 does sufficiently provide its theory in the Amended Answer and that

20 Plaintiff simply disagrees on the merits of the theory.  (Opp'n at

21 8-10.)

22        The Court finds that Plaintiff's main issue is with how

23 Defendant calculated the different statutes of limitations, which

24 is a merits issue.  Defendant alleged that there were four-year,

25 two-year, or one-year statues of limitations for different causes

26 of action and that they all expired prior to Plaintiff filing the

27 case.  (See Am. Answer at 15-16.)  However, Defendant did fail to

28 fully set forth the statutes of limitations' legal basis for each

1    of the causes of action the defense is alleged against.  Plaintiff

2    is correct that this is insufficient to prepare Plaintiff to

3    respond to such an argument.  Defendant should delineate the causes

4    of actions' statutes of limitations and the facts that give rise to

5    Defendant's theory that such statutes of limitations were not met

6    in this case, such as when the limitation period began running,

7    according to Defendant.  Therefore, the Court grants the Motion to

8    Strike this affirmative defense, with leave to amend.

9            **2.   Laches**

10       This is a specifically enumerated affirmative defense under

11   FRCP 8(c)(1).  Plaintiff claims that insufficient facts are pled to

12   show that Plaintiff was neglectful or not diligent, or that

13   Defendant was prejudiced or disadvantaged in some way by

14   Plaintiff's actions.  (Mot. Strike at 9-11.)  Plaintiff claims that

15   there had only been a year since she knew the nature of her case

16   before she brought the suit, which shows diligence.  (Id.)

17   Defendant argues that its theory of delay is clear in the pleading

18   as to all causes of action: Defendant has been prejudiced by

19   Plaintiff's six-year delay and failure to bring Defendant's

20   attention to the interest rate issue until six years later.  (Opp'n

21   at 10-11.)

22       The Court holds that laches is properly pled by Defendant.

23   Defendant's pleading the timeline in the statute of limitations

24   defense sufficiently sets forth the timeline that Defendant takes

25   issue to in this affirmative defense.  Defendant also pleads

26   prejudice: "As a result of Plaintiff's unreasonable delay,

27   Defendant suffered prejudice or injuries due to the passage of time

28   and diminution of memories, turnover of employees who might be

1  potential witnesses, and to the extent that any relevant records

2  were lost or destroyed." (Am. Answer at 16.)  The key elements of

3  this affirmative defense are delay and prejudice, and Defendant has

4  pled those elements at a sufficient level to provide Plaintiff with

5  enough information to formulate her case and respond to the

6  affirmative defense.  Therefore, the Motion to Strike is denied as

7  to this cause of action.

8          **3.    Estoppel**

9       This is a specifically enumerated affirmative defense under

10  FRCP 8(c)(1).   Plaintiff argues that the pleading is not clear as

11  to what kind of estoppel defense Defendant is raising, and that no

12  matter what, there are insufficient facts pled to provide Plaintiff

13  with notice of what she is alleged to have done or failed to do to

14  give rise to such a defense.  (Mot. Strike at 11-14.)  Defendant

15  responds that it was claiming equitable estoppel and did provide

16  sufficient facts.  (Opp'n at 11-12.)  The Amended Answer states

17  that Plaintiff's third and fourth causes of action are barred by

18  estoppel caused by Plaintiff "conceal[ing] material facts in that

19  she failed to bring her complaints with respect to her credit card

20  to Defendant's attention despite her awareness of the allegedly

21  true facts." (Am. Answer at 17.)

22       The Court holds that this is an appropriate affirmative

23  defense theory and can be pled by Defendant, but that Defendant

24  must provide more information and facts to support it.  The fact

25  that this is an equitable estoppel defense needs to be specifically

26  noted.  More and clearer facts must be pled to put forth the theory

27  of this defense.  Therefore, the Court grants the Motion to Strike

28  as to this affirmative defense, with leave to amend.

1                  **4.    Unclean Hands**

2      Unclean hands is a common law affirmative defense.  <u>Gibson</u>

3  <u>Brands</u>, No. CV 14-00609 DDP (SSx), 2014 WL 5419512, at *4.  Here,

4  Defendant has alleged that it kept polices regarding "employee

5  dishonesty and misconduct as well as relating to credit issued by

6  Defendant."  (Am. Answer at 17.)  Defendant claims that Plaintiff

7  engaged in misconduct by not abiding by such policies and

8  "misrepresenting facts relating to her credit card."  (<u>Id.</u>)  Thus,

9  Defendant argues that Plaintiff may have caused her damages by her

10  own bad acts, those acts being disputed by Plaintiff in her

11  Opposition.  (<u>See</u> Opp'n at 14-15.)  However, unclean hands is not

12  the same as claiming fraud; it means that as an equitable matter,

13  Plaintiff may — if Defendant is correct — have had a part to play

14  in creating the bad situation and employment termination that she

15  complains of in her case-in-chief.  Therefore, the Court denies the

16  Motion to Strike as to this affirmative defense.

17             **5.    Independent/Superseding Cause**

18      As pled, Defendant has simply stated that "all or portions of

19  Plaintiff's claims are barred, in whole or in part, by the doctrine

20  of independent or superseding causes" and that this bars or reduces

21  any injures Defendant could be responsible for.  (Am. Answer at

22  18.)  This could be an affirmative defense, but as currently pled,

23  it does not provide notice nor factual bases for what or who is the

24  independent or superseding cause so that Plaintiff could amend the

25  pleadings and add that party or address the alleged other cause.

26  <u>See</u> <u>G&G Closed Circuit Events, LLC v. Nguyen</u>, No. 10-CV-00168-LHK,

27  2010 WL 3749284, at *2 (N.D. Cal. 2010).  Therefore, Plaintiff's

28

1  Motion to Strike is granted as to this affirmative defense, with

2  leave to amend.

3          **6.    Failure to Mitigate**

4      Failure to mitigate damages is a common affirmative defense.

5  See, e.g., Gibson Brands, No. CV 14-00609 DDP (SSx), 2014 WL

6  5419512, *2.   Here, Defendant's Amended Answer pleads that

7  Plaintiff failed to mitigate by, among other acts, "failing to

8  secure alternative employment; failing to take reasonable steps to

9  avoid pain, anguish, emotional distress, damage to her reputation,

10 or any situation with her mortgage resulting in Plaintiff allegedly

11 needing to borrow funds or the need to redeem or cash out any

12 retirement accounts, and any payments made for benefits or medical

13 care."   (Am. Answer at 18.)   These factual allegations and theories

14 of mitigation are sufficient to put Plaintiff on notice of the

15 grounds for Defendant's affirmative defense.   Therefore, the Motion

16 to Strike is denied as to this affirmative defense.

17         **7.    Plaintiff Caused Damage**

18     This particular affirmative defense has been pled before, see,

19 e.g., Hernandez v. Dutch Goose, Inc., No. C 13-03537 LB, 2013 WL

20 5781476, at *7 (N.D. Cal. 2013), and it is similar to a theory of

21 contributory negligence, which is an enumerated affirmative defense

22 in Rule 8.   Defendant pleads here that Plaintiff's injuries in this

23 case were caused by her own actions, such as "her filing a false

24 credit bureau credit card dispute, her misleading Defendant as to

25 the nature of that dispute and/or the history of charges, payments,

26 and/or delinquencies, and Plaintiff's failure to exercise ordinary

27 care on her own behalf."   (Am. Answer at 19.)   This is sufficient

28 for Plaintiff to know the facts and theory that Defendant relies on

1  to support its affirmative defense; thus, the Motion to Strike is

2  denied as to this defense.

3          **8.   Pre-Existing Condition**

4      Defendant makes a claim that to the extent Plaintiff seeks

5  damages for physical, mental, or emotional distress, that

6  Plaintiff's damages should be lessened to reflect any physical,

7  mental, or emotional distress that is a result of a pre-existing

8  condition rather than any conduct by Defendant.  (Am. Answer at

9  19.)  As Defendant puts it, such damages would be "the result of

10 pre-existing psychological disorders or alternative concurrent

11 causes and not the result of any act or omission of Defendant."

12 (Id.)  This is sufficient to give Plaintiff notice of Defendant's

13 defense theory as to Plaintiff's claim for damages.  It need not be

14 stated at a higher level of specificity, particularly as it is a

15 damages defense.  Therefore, the Court denies the Motion to Strike

16 as to this affirmative defense.

17         **9.   Offset**

18     Defendant claims that any damages Plaintiff may receive as a

19 result of this suit would be offset by sums owed to Defendant.

20 (Id. at 19-20.)  Defendant explains, "[t]o the extent that

21 Plaintiff was paid money by Defendant to which she was not legally

22 entitled, and/or was reimbursed for expenses not actually incurred

23 or over-reimbursed for expenses or other monies, Defendant is

24 entitled to an offset against any monies found owing to Plaintiff."

25 The Court agrees with Plaintiff that Defendant has failed to

26 properly allege an offset claim.  The information regarding

27 outstanding monetary claims by Defendant against Plaintiff would be

28 known to Defendant and therefore Defendant should plead more facts

1   to put Plaintiff on notice of what is Defendant's theory of

2   reducing damages here.  Therefore, the Motion to Strike this

3   affirmative defense is granted, with leave to amend.

4   **IV.   CONCLUSION**

5        For all the reasons stated above, the Court GRANTS in part and

6   DENIES in part Plaintiff's Motion to Strike Affirmative Defenses.

7   Defendant has fourteen days to amend.

8

9   IT IS SO ORDERED.

10

11  Dated:February 25, 2016

                                    DEAN D. PREGERSON
12                                  United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12